FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2015 JUL 22 PM 2: 04

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE FLORIDA

DONNA KATZENBERGER,

    Plaintiff,

-vs-                                      CASE NO.: 3:15-cv-908-J-39MCR

TIME WARNER CABLE, INC.,

    Defendant.
_____/

## COMPLAINT

Plaintiff, DONNA KATZENBERGER, by and through her undersigned counsel, sues the Defendant, TIME WARNER CABLE, INC., and in support thereof respectfully alleges the following:

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Florida Consumer Collections Practices Act, Chapter 559, *et seq.* ("FCCPA").

## INTRODUCTION

2. The TCPA was enacted to prevent companies like TIME WARNER CABLE, INC. ("TIME WARNER") from invading American citizen's privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

4.  "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5.  According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

## JURISDICTION AND VENUE

6.  This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

7.  Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

8.  Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

9. Venue is proper in this District because the Plaintiff resides in this District (Duval County, Florida), the phone calls were received in this District, and the Defendant transacts business in Duval County, Florida.

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person, and citizen of the State of Florida, residing in Duval County, Florida, and resides in this District.

11. Plaintiff is a "consumer" as defined in Florida Statute 559.55(2).

12. Plaintiff is an "alleged debtor."

13. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

14. Defendant TIME WARNER is a "debt collector" as defined by Florida Statute §559.55(6). Defendant sought to collect a debt from Plaintiff.

15. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1).

16 Defendant is a corporation and a citizen of the State of New York with a principal place of business and/or office for transacting its business located at 60 Columbus Circle, New York, New York. Defendant regularly transacts business in the State of Florida.

17. The conduct of Defendant which gives rise to the cause of action herein alleged occurred in this District, Duval County, Florida, by the Defendant's placing of illegal calls to Duval County, Florida.

18. Defendant, at all material times, was attempting to collect money from a person named "Charles Holdenblat."

19. On or about November 2014, Defendant TIME WARNER began bombarding Plaintiff's cellular telephone with calls seeking a person named "Charles Holdenblat." Plaintiff does not know "Charles Holdenblat" nor does Plaintiff have an account with TIME WARNER. Plaintiff has never had an account with TIME WARNER.

20. When Plaintiff answered the calls that Defendant made to her cellular telephone, an automated recording came on that said: "Monitored or recorded. If I am speaking with Charles Holdenblat, please press one. If they are available to come to the phone, please press two. If they can't come to the phone right now, please press 3. Or, if this is not a good time, you can call us back at 800-892-2253."

21. Shortly after the calls began, Plaintiff dialed the Defendant back using the provided phone number, 800-892-2253, and explained that she was not Charles Holdenblat and that Defendant had the wrong number. Plaintiff repeatedly requested Defendant to stop calling her. Defendant often called early in the morning when Plaintiff was trying to sleep after she worked the night shift. Nevertheless, the automated calls from Defendant to Plaintiff continued unceasing.

22. On several occasions, after Plaintiff repeatedly requested that the calls cease, Defendant TIME WARNER called Plaintiff from unknown phone numbers and cursed at her, calling her a "nasty old bitch" and that "you ought to learn to be nice fuck you."

23. Defendant knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone numerous times a day from approximately November 2014 through approximately June 2015, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account. Defendant called the Plaintiff approximately 45 times.

24. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff received approximately 45 prerecorded messages from the Defendant.

25. Each of the autodialer calls the Defendant made to Plaintiff's cellular telephone number were made without the "prior expressed consent" of the Plaintiff.

26. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number, (904) ***- 9086, and was the called party and recipient of Defendant's autodialer calls.

27. The autodialer calls from Defendant came from the telephone number including but not limited to 800-892-2253; and when that number is called, an automated voice answers and identifies itself as "Time Warner Cable."

28. The autodialer calls from Defendant continued, on average, three (3) times a day from November 2014 through approximately May 2015. To date, Defendant has called Plaintiff's cellular telephone number approximately 45 times. Defendant has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of all autodialer calls made to Plaintiff.

29. The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, and to make autodialer calls just as they did to Plaintiff's cellular telephone in this case, with no way for the called party and recipient of the calls, or the Defendant, to permit the removal of the incorrect number.

30. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of autodialer calls, well-beyond November 2014, when Plaintiff first advised Defendant to stop calling Plaintiff.

31. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite the individual, like Plaintiff, advising Defendant to stop calling.

32. Defendant's corporate policy provided no means for the Plaintiff to have her cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff.

33. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

34. Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call the wrong people or people who have revoked consent to be called.

35. Defendant knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and has set up their autodialer in a manner which makes it virtually impossible for the autodialer calls to stop.

36. Defendant knowingly employed methods that did not permit the cessation of or suppression of autodialer calls to Plaintiff's cellular telephone.

37. Due to Defendant's constant autodialer calls Plaintiff has suffered statutory and actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

## COUNT I
### (Violation of the TCPA)

38. Plaintiff re-alleges and incorporates Paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

39. None of Defendant's autodialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

40. Defendant violated the TCPA, with respect to all of its autodialer calls made to Plaintiff's cellular telephone number after Plaintiff revoked consent to be called and without Plaintiff's prior express consent.

41. The Defendant willfully and/or knowingly violated the TCPA, especially for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiff verbally withdrew, revoked, and/or terminated any alleged consent Defendant believed it had to contact her, and told Defendant to stop calling her.

42. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, TIME WARNER CABLE, INC., for statutory damages, punitive damages, actual damages, treble damages, costs, interest, and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the Florida Consumer Collection Practices Act "FCCPA")

43. Plaintiff re-alleges paragraphs one (1) through thirty-seven (37) above as if fully

stated herein:

44. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

45. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the Plaintiff with such frequency as can be reasonably be expected to harass the debtor.

46. Defendant has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse the Plaintiff.

47. Defendant has violated Florida Statute §559.72(9) which states that no person shall "Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Specifically, Defendant was informed numerous times that they were calling the wrong person and not the debtor, and to stop calling. Despite this, Defendant continued to call the Plaintiff and assert a legal right to collect on a debt that was not legitimately hers.

48. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of actual and statutory damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, TIME WARNER CABLE, INC., for statutory damages, punitive damages, actual damages for emotional and mental pain and suffering, fear, humiliation, embarrassment, frustration and loss of capacity for the enjoyment of life, costs, interest, attorney's fees pursuant to F.S. §559.77, and any other such relief the court may deem just and proper.

Respectfully submitted,

/s/ *Octavio Gomez*
Octavio "Tav" Gomez, Esquire
Morgan & Morgan, Tampa, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 222-4725
Florida Bar #: 338620
Attorney for Plaintiff
TGomez@ForThePeople.com